# Bailey *v.* City of Opelika.

*Action By City to Recover License on Pool Table.*

(Decided April 28, 1906. 40 So. Rep. 968.)

1. *License; Privileges; Municipal Ordinances; Validity.*—Sec. 5 of Act approved Feb. 10th, 1893, (Acts 1892-93, p. 450) prohibits the keeping of a pool table in any house where liquors are sold; same provision is in the act creating new charter for city of Opelika (Local Acts 1898-99, p. 1133) which act further provides, in Sec. 11 thereof, that the Board of Mayor and Aldermen shall have power to license and stop such exhibitions, business, vocations, occupations or professions as are now licensed by the state, but no mention is made of keeping a pool table; the general revenue law (Gen. Acts 1898-99, p. 190, Sec. 60, and Acts 1900-01 p. 2631) provides for licensing pool tables kept in connection with a barroom or drinking saloon; Held, the municipal authorities of Opelika were

[Bailey v. City of Opelika.]

authorized to require by ordiance, a license for keeping a pool table in connection with a barroom or drinking saloon under the charter of the city, and state revenue law.

APPEAL from Lee Circuit Court.

Heard before HON. A. A. EVANS.

The counts upon which the cause was tried are numbered 2 and 4 respectively and are as follows: Count 2. The plaintiff claims of the defendant $50 as license for the year beginning July 1st, 1901, due from defendant on one pool table kept by the defendant in Opelika, with interest thereon; and plaintiff avers that an ordinance of the city of Opelika, in effect on the 1st day of July, 1901, required every person engaged in keeping a pool table in the city of Opelika, in connection with a bar room or drinking saloon, to pay a license on such table of $50; and further that said license should be paid in advance by the person keeping such pool table; and plaintiff avers that during the year beginning July 1st, 1901, defendant kept a pool table in the city of Opelika in connection with a bar room or drinking saloon; and plaintiff further avers that defendant has failed to pay the amount of said license and the same with interest thereon is still unpaid. Count 4 was in the same language as count 2 except where the figures 1901 occurs in count 2, they are 1902 in count 4. The defendant demurred to counts 2 and 4 separately upon the following grounds: 1st. The ordinance relied on for a recovery in each of said counts which requires every person engaged in keeping a pool room in the city of Opelika in connection with a bar room or drinking saloon to pay a license therefor of $50, is invalid in that it is violative of the laws of the state of Alabama regulating the sale of liquor in Opelika. 2nd. Said ordinance is violative of that portion of the charter of the city of Opelika in force during the period named in said count. 3rd. The ordinance named in each of said counts contravenes the policy of the law and that portion of the charter regulating the sale of liquors in the city of Opelika.

HOUSTON & POWELL, for appellant.—The ordinance

contravenes the charter of the city of Opelika and infringes the policy of the legislative enactment, and is therefore void.—5 Am. & Eng. Ency. of Law, (2nd Ed.) p. 95;21 A. & E. Ency. Law, (2nd Ed.) 980.

ALBERT E. BARNETT, for appellee.—The complaint is not subject to the demurrers.

The rule is "that the court, if possible, must give the statute such a construction as will enable it to have effect."—Cooley, Constitutional Lim., (5th Ed.) 220. It applies to the construction of municipal ordinances.— *Harbor Master v. Captain Southerland*, 47 Ala. 516; *Gamble v. City of Montgomery*, 39 So. 353.

The ordinance shown by the complaint in no wise conflicts with or infringes the law, or the policy or spirit of the law, regulating the sale of liquors in the city of Opelika.—Acts 1892, 35,450; 2610; Acts 1900-1, 1,210, § 66,242; Local Acts 1898-9, 1133, § 21-27, (p. 1157.); Act. Feb. 23, 1899, Acts 1898-9, p. 164, § 69, p. 190.

The city of Opelika had authority, under its charter, to require a license for keeping a pool table in connection with a bar-room or drinking saloon.—Local Acts 1898-9, 1133, § 11, Subdiv. 30, p. 1148; Acts 1898-9, 164, 190; Acts 1900-1, 210, 242; *N. C. & St. L. Ry. v. Attalla*, 118 Ala. 362; *Kentz v. Mobile*, 120 Ala. 623; 21 Am. & Eng. Enc. of Law, 2 Ed. 782; *Anniston v. South. Rwy. Co.*, 112 Ala. 557; *Goldsmith v. Huntsville*, 120 Ala. 182.

The Opelika liquor law, being a local law, the act conferring authority on the city of Opelika to require a license, even for business not required by the state to pay license, is not unconstitutional.—*Holt v. M. & A. of Birmingham*, 111 Ala. 369; *Ala. G. S. Rwy. v. Bessemer*, 113 Ala. 668.

A person doing without license a business for which a license is required by law, cannot defeat the recovery of the license by doing that business in an illegal way.— Broom's Legal Maxims, 297, 290, .279; 2 Bouvier's Law Dictionary, (Maxims) 194, 198; 2 W. Bla. 364; Co. Litt. 148b; 4 Bing (N. C.) 395; 10 M. & W. 309; 12 Gray 493; *Riggs v. Palmer*, (N. Y.) 5 L. R. A. 340, 347, note 344; *Montefiori v. Montefiori*, 1 W. Bl. 364; *Cardwell v. Kelly*, (Va.) 40 L. R. A. 240, 243; *Holland v. Duluth Co.*

(Minn.) 60 Am. St. Rep. 480; *Gilmore v. Fuller,* 198 Ill. 130, 60 L. R. A. 286; *Sullivan v. Hergan,* (R. I.) 9 L. R. A. 110; *Pennington v. Todd,* (N. J.) 11 L. R. A. 589.

DOWDELL, J.—This is on action brought by the city of Opelika, appellee here, to recover of the appellant, defendant in the court below, the price of a license tax for keeping a pool table "in connection with a bar-room or drinking saloon." The complaint contained six counts, but all of said counts except the second and fourth, were subsequently eliminated by an amendment of the complaint. To the second and fourth counts a demurrer was interposed by the defendant, which was overruled by the court, and the defendant declining to plead further, judgment was rendered against him, and from which judgment the present appeal is prosecuted.

The license tax sought to be recovered, it is averred, is one imposed by an ordinance of the city of Opelika. The right of recovery in the action, is therefore, dependent upon the validity of the ordinance, the right not being asserted or claimed otherwise than under the ordinance. The defendant's demurrer seeks to, and we think does, raise the question of the validity of the ordinance.

By an act approved February 10th, 1893, (Acts 1892-3 page 450), regulating the sale of liquor in the city of Opelika, among other things, it is provided as follows: "Sec. 5. Be it further enacted, That there shall not be allowed in any house where liquors are sold in said district any game of any kind, and there shall not be kept in such house any billiard, pool or any other kind of gaming table * * * * * Any person violating any provision of this section shall be guilty of a misdemeanor and, on conviction, shall be fined not less than one hundred nor more than five hundred dollars." The act approved February 21, 1899, (Local Acts 1898-9, page 1133) entitled "An act to establish a new charter for the district of Opelika," has incorporated in it the foregoing provision of the local act of February 10, 1893.

These two acts, the one of February 10, 1893, and the one of February 21, 1899, establishing a new charter for Opelika, contain the law regulating the liquor traffic in the city of Opelika. The latter act also contains

the power granted to the city of Opelika to levy a license tax, set out in subdivision 30, on page 1148, of section11, and is as follows: "The board of mayor and aldermen shall have the power to license and stop such exhibitions, business, vocations, occupations or professions as are now licensed by the state, and others herein below named, etc.," and then follows an enumeration of certain occupations, vocations, professions and business, with the amounts of license tax designated for each, but in which enumeration, the keeping of a pool table is not mentioned.

The general revenue law of the state approved Feb ruary 23, 1899, (General Acts 1898-9, page 164) regulating license tax, provides in section 69 on page 190, as follows: "For each pool table on which the game of pin pool is played, one hundred dollars. For each table upon which a game of pool is played with fifteen balls, more or less, and not pin pool, for the use of which money or other things of value is charged or when in connection with a bar-room or drinking saloon, whether its use is charged for or not, fifty dollars." The general revenue law of the state approved March 5, 1901, contains the same provisions as to pool tables, except that where the table is not kept in connection with a bar-room or drinking saloon, the amount of the license tax is twenty-five dollars.—Acts, 1900-1, page 2631, subdivision 66.

The ordinance of the city of Opelika in question, levied and required a license tax of fifty dollars for keeping a pool table "in connection with a bar-room or drinking saloon." The question is whether the ordinance is invalid as being in conflict with that provision of the local statute of February 10, 1893, and contained in the charter of the city of Opelika, which prohibits the keeping of a pool table *in any house* where liquors are sold in said district, etc.

The charter of the city contains the general power authorizing the licensing of a pool table, and further contains the special prohibitory provision, that no pool table shall be kept in a house where liquors are sold, and makes a violation of this provision an indictable offense.

We think there can be no doubt that the city is without power and authority under its charter to license the

[Bailey v. City of Opelika.]

keeping of a pool table *in a house* where liquor is sold, and an ordinance authorizing such thing would be invalid. The special prohibitory provision in the charter is to that extent a limitation on the general power to license. But this limitation contains no inhibition against the general power conferred by the charter to levy and require a license tax for the keeping of a pool table at any other place than that named in the prohibitory clause. If the ordinance had in a general way provided for a license tax for the keeping of a pool table, without reference to place, could it be reasonable contended that it was without charter power to do so, or that such would be in conflict with the provision prohibiting the keeping of a pool table *in a house* where liquor is sold? We think not. The ordinance provides for a license tax of fifty dollars, where the pool table is kept "in connection with a bar-room or drinking saloon." May or not a pool table be kept in connection with a bar-room or drinking saloon without being in the *same house* where the liquor is sold. If it can be, then the licensing of such keeping of a pool table would come within the general charter power of the municipality, and not fall under the prohibitory clause against keeping a pool table in the *same house* where the liquor is sold. The two provisions, "in connection with" and "in the same house with," cannot be said to be, or mean, the same thing. An indictment for a violation of a prohibitory provision against the keeping of a pool table "in a house where liquors are sold," which alleged that the pool table was kept "in connection with the bar-room or drinking saloon" would be bad on demurrer. And so, an indictment which alleged that the table was kept "in a house where liquors were sold," could not be sustained on evidence that the keeping was "in connection with a bar-room or drinking saloon," but not in the same house where the liquors were sold. We think it plain that a pool table may be kept in connection with a bar-room or drinking saloon, without being kept in the same house with the bar-room or drinking saloon, or in the same house where the liquors are sold. The court committed no error in overruling the demurrer, and the judgment appealed from will be affirmed.

Affirmed.

[Spira, *et al. v.* The State, *et al.*]

WEAKLEY, C. J., HARALSON and DENSON, JJ., concur·